**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Hiles, et al., | No. CV-20-01984-PHX-DJH |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Progressive Relocation Systems Incorporated, | |
| Defendant. | |

**TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT COURT JUDGE:**

This is a Carmack Amendment to the Interstate Commerce Act cause of action brought by Plaintiffs Jay and Trish Hiles against Defendant Progressive Relocation Systems Incorporated, dba Moving Services (Doc. 1). The District Judge referred this matter to the Magistrate Judge to conduct all necessary default proceedings (Doc. 26). A default damages hearing was held on April 13, 2021 (Doc. 28). Defendant was served with notice of the hearing and failed to appear. Defendant has failed to respond or appear at any stage in this action despite proper notice. The Magistrate Judge has considered the testimony of Plaintiff Trish Hiles, all exhibits admitted into evidence, and the legal file.

On October 13, 2020, Plaintiffs filed their action pursuant to 49 U.S.C. §14706. (Doc. 1). They served Defendant by personal service upon an officer of the corporation pursuant to Fed. R. Civ. P. 4(h) on November 9, 2020. (Docs. 11, 11-1). Defendant did not answer or otherwise respond to the Complaint. On December 14, 2020, upon Plaintiffs' Application (Doc. 9), the Clerk of Court entered default against Defendant. (Doc. 13). On December 21, 2020, Plaintiffs filed a Request for Entry of Default Judgment (Doc. 14), which the Court denied (Doc. 19). Pursuant to the Court's Order (Doc. 19), Plaintiffs filed the pending Application for Entry of Default Judgment (Docs. 20-22) and Application for Award of Attorney's Fees (Doc. 18) and Supplement (Docs. 31, 32). Defendant was served with the Applications and failed to respond. For the reasons discussed below, the undersigned recommends that default judgment be entered in favor of Plaintiffs and against Defendant.

## I. DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Here, Plaintiffs' claim arises out of 49 U.S.C. § 14706, referred to as the Carmack Amendment to the Interstate Commerce Act. The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws, or treaties of the United States. *See also* 28 U.S.C. § 1337 (requiring amount in controversy exclusive of interest and costs to be in excess of $10,000).

The Court also has personal jurisdiction over the parties. Plaintiffs are residents of Arizona who contracted with the Defendant to move their furniture and personal possessions from Colorado to Arizona. Admitted into evidence is an Interstate Bill of Lading Contract and Order for Service dated February 20, 2019, reflecting that Plaintiffs goods were to be moved by Progressive Relocation Systems Inc. from Plaintiffs' residence in Thornton, Colorado to Fountain Hills, Arizona for the sum of $19,963.25. (Exh. 3). The

Defendant is a Florida corporation. "A federal court may exercise personal jurisdiction over a defendant if he or she has 'minimum contacts' with the relevant forum and if the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Ticketmaster L.L.C. v. Prestige Entertainment, Inc*., 306 F. Supp. 3d 1164, 1179 (C.D. Ca. 2018) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Ninth Circuit has established a three prong test for determining specific personal jurisdiction: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F. 3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987). By contracting with Plaintiffs, the Defendant agreed to move Plaintiffs' property from Colorado to Arizona. The Defendant voluntarily entered Arizona, invoking its benefits and protection of its laws. Plaintiffs' claim arises from damage sustained to Plaintiffs' property during the move as a result of Defendant's failure to properly perform its obligations under the contract. Plaintiffs' claim directly relates to the Defendant's forum-related activities. The exercise of jurisdiction under these circumstances is reasonable. All three prongs of the test for specific personal jurisdiction over the Defendant are satisfied. In addition, the Defendant was operating in Arizona by agreeing to move Plaintiffs' property to Arizona, and the damage occurred in Arizona. *See* 49 U.S.C. § 14706(d).

### B. Plaintiffs' Motion for Default Judgment

"After entry of a default, a court may grant a default judgment on the merits of the case." *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1070 (D. Ariz. 2006). In determining whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiffs, (2) the merits of

plaintiffs' substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The Court analyzes these factors taking as true the allegations in the complaint, except those relating to damages." *Fed. Trade Comm'n v. Money Now Funding LLC*, 2015 WL 11120847, at *1 (D. Ariz. July 1, 2015).

### 1. The First, Fifth, Sixth, and Seventh *Eitel* Factors

In cases where a Defendant has "not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). As a denial of Plaintiffs' Motion (Doc. 20) would leave them "without other recourse for recovery," the undersigned finds that the first *Eitel* factor weighs in favor of default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Because the well-pled facts in the Complaint are taken as true, there is no "genuine dispute of material facts" that would preclude granting the Motion. The undersigned thus finds that the fifth *Eitel* factor weighs in favor of default judgment. In addition, because Defendant was properly served, it is unlikely that its failure to answer was due to excusable neglect. Therefore, the sixth factor weighs in favor of default judgment.

Finally, although the seventh factor generally weighs against default judgment, the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Because Defendant has not appeared in this action, deciding this case on the merits is "impractical, if not impossible." *Id.* The seventh *Eitel* factor alone is not sufficient to preclude the entry of default judgment in this case.

### 2. The Second and Third *Eitel* Factors

The second and third *Eitel* factors, which concern the merits of the claim and the sufficiency of the complaint, are often "analyzed together and require courts to consider

whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). Plaintiffs' one-count Complaint asserts that Defendant violated the Carmack Amendment. 49 U.S.C. § 14706. Section 14706(a) provides in pertinent part: "A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, [or] (B) the delivering carrier. . . ." "A Plaintiff must allege three elements to establish a prima facie case of violation of the Carmack Amendment: (1) delivery of the goods to the initial carrier in good condition, (2) damage to the goods before delivery to their final destination, or failure to deliver[] altogether, and (3) the amount of damages." *Wright v. Neptune Soc'y of Cent. Cal., Inc.*, No. CV F 07-0117 LJO TAG, 2007 WL 963302, at *2 (E.D. Cal. March 29, 2007) (citations omitted).

Accepting as true all factual allegations contained in Plaintiffs' Complaint for purposes of a default judgment analysis, the undersigned finds that each of the elements have been satisfied. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). On February 20, 2019, Plaintiffs and Defendant entered into an Agreement for the interstate transportation by Defendant of Plaintiffs' goods. (Doc. 1 at 2 at ¶ 9). Plaintiffs paid Defendant $19,963.25 to transport their property, including $2,584.65 for full value protection insurance of their property. (Doc. 1 at 2 ¶10-11). Defendant transported Plaintiffs' property to Arizona. The Agreement is an enforceable contract. (*Id.* at 2 ¶17). Defendant breached the Agreement by failing to deliver all of Plaintiffs' property and by failing to deliver property in the same condition it was in when Defendant took possession of it. (*Id.* at 2 ¶14). As a result of this breach, Plaintiff suffered damages. (*Id.* at 2, ¶ 19). The undersigned finds that based on the facts adequately set forth in the Complaint, Plaintiffs have pled a prima facie claim for violation of the Carmack Amendment.

### 3. The Fourth *Eitel* Factor

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). In contrast to a complaint's other allegations, allegations pertaining to damages are not taken as true when considering a motion for default judgment. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993). Here, Plaintiffs seek $50,251.65 in compensatory damages plus pre-judgment interest from February 20, 2019 at the rate of 10% per annum, post-judgment interest at the rate of 10% per annum until judgment is paid in full, and attorney's fees in the amount of $4,982.00. In light of the conclusion that Plaintiffs' requested damages award is appropriate, as explained below, the undersigned finds that the fourth *Eitel* factor weighs in favor of default judgment.

After considering Plaintiff's Motion (Doc. 20) and the *Eitel* factors, the undersigned finds that the entry of default judgment is appropriate in this case.

### 4. Damages

"A Plaintiff seeking default judgment 'must . . . prove all damages sought in the complaint.'" *HICA Educ. Loan Corp. v. Warne*, No. 11-CV-04287-LHK, 2012 WL 1156402, at *4 (N.D. Cal. April 6, 2012) (quoting *Dr. JKL Ltd. v. HPC IT Educ. Ctr*., 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010)). The undersigned has considered Plaintiff's testimony as well as all the documents admitted into evidence, including pictures of the damaged property (Doc. 20, Exh. 2), claim forms (Exh. 1), and the docket.

"The issuance by a carrier of a bill of lading without a notation thereon of visible damages or defects in the items of household goods as to which loss or damage is claimed creates a presumption or prima facie case of good condition when received." *Cutten v. Allied Van Lines, Inc.,* 349 F. Supp. 907, 912 (C.D. Cal. 1972). The Bill of Lading in this

case contained no notations regarding damages or defects in Plaintiffs' property at the time of its receipt by Defendant. (Exh. 3). Plaintiff Trish Hiles credibly testified to the significant time and effort she expended to accurately estimate the replacement value and repair cost of the property lost and damaged in the move. Admitted into evidence are itemized lists and valuations of property submitted by the Plaintiffs to the Defendant regarding property lost and damaged during the move. Correspondence and testimony reflect that Defendant did not respond to its own claims process. Plaintiffs were never advised of any other dispute settlement process in which they might participate to recover their damages, despite the boiler plate language contained in the Bill of Lading. Further, the damages sought of $50,251.65 are well below the declared value of $172,326.00 for the goods shipped, as reflected in Defendant's Binding Moving Estimate (Exh. 3). *See* 49 U.S.C. § 14706(f). The undersigned finds, based on the testimony and evidence admitted at the time of the default damages hearing held April 13, 2021, that Plaintiffs' damages are reasonable and accurately reflect their actual loss under the Carmack Amendment. Plaintiffs have sustained $50,251.65 in property damage as a result of the Defendant's violation of the Carmack Amendment.

The undersigned further finds that Plaintiffs are entitled to recover their reasonable attorneys' fees incurred in litigating this action. *See* 49 U.S.C. § 14708(d) (authorizing a recovery of attorney fees from a shipper of household goods). Counsel expended 13.2 hours representing Plaintiffs in this action, which is documented carefully, and a reasonable expenditure of time spent litigating this case to its conclusion. He charged $385.00 per hour, a rate which is comparable to similarly experienced attorneys in Phoenix performing similar services. The undersigned finds that Plaintiffs are entitled to an award of reasonable and necessary attorney's fees incurred in the amount of $4,982.00.

Plaintiffs also request an award of pre-judgment and post-judgment interest. "The Carmack Amendment does not explicitly provide for the award of prejudgment interest." *Waller v. Gary & Koby Transp., Inc. DBA Best Quality Movers*, No. 1:08-cv-00725 AWI GSA, 2008 WL 4224722, at *7 (E.D. Cal. Sept. 15, 2008). However, under federal law

an award of pre-judgment interest is discretionary with the Court and is governed by considerations of fairness, awarded when necessary to make wronged parties whole. *Purcell v. United States*, 1 F. 3d 932, 942-43 (9th Cir. 1993). Because the Carmack Amendment is a federal law, the Court may award pre-judgment interest after evaluating consideration of fairness. *See Cutten v. Allied Van Lines, Inc.*, 349 F. Supp. at 912.

An award of pre-judgment interest in this case is fair. Defendant effectively stonewalled Plaintiffs after requesting that Plaintiffs fill out claims forms that required significant effort on Plaintiffs' part. Plaintiffs were timely with all their requests and efforts. Defendant did nothing. Plaintiffs never recovered ninety items of their property. They paid $2,584.65 for insurance coverage, believing that their household goods would be fully protected in the event of loss or damage. In short, Plaintiffs did everything they could do to avoid what happened to them. Pre-judgment interest is part of the full actual loss suffered by Plaintiffs and an award of pre-judgment interest is necessary to make Plaintiffs whole. The undersigned will recommend that the calculation of pre-judgment interest should be computed in accordance with the rate authorized in 28 U.S.C. § 1961. Although 28 U.S.C. § 1961(a) governs post-judgment interest, the Ninth Circuit has held that the "rate shall also be used to calculate prejudgment interest 'unless the equities of a particular case demand a different rate.'" *In re Bloom*, 875 F.2d 224, 228 (9th Cir. 1989) (quoting *Columbia Brick Works, Inc. v. Royal Ins. Co.*, 768 F.2d 1066, 1071 (9th Cir. 1985)). The undersigned does not find that the equities of this case demand a different rate, such as the 10% proposed by Plaintiffs.

Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Application for Entry of Default Judgment (Doc. 20) and Application for Attorney's Fees (Docs. 18, 31, 32) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Default Judgment be entered in favor of Plaintiffs and against Defendant Progressive Relocation Systems Inc. in the total amount of $50,251.65 plus reasonable attorneys' fees in the amount of $4,982.00, pre-judgment interest from February 20, 2019, and post-judgment interest from the date of entry of the judgment, all interest to be calculated at the rate allowed by 28 U.S.C. § 1961(a).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) (1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of July, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge